Submitted by Counsel (pro se)

*Ulysses J. Ware* (signature)

Ulysses T. Ware
Reg. NO. 56218-019
Beaumont Complex (Low)
Unit XB
P.O. Box 26020
Beaumont, TX 77720

Filed on June 21, 2016 pursuant to the mail box rule of Houston v. Lack with the district clerk's office. Via certified mail # 7010 3090 0003 3455 0769.

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

JUN 29 2016

BY
DEPUTY_____

Case NO.: _____

In the United States District Court
For the Eastern District of Texas
Beaumont Division

Petitioner: Ulysses T. Ware (pro se) : Prevailing Party

Respondents: The United States Bureau of Prisons, Loretta Lynch, The Department of Justice and its employees, the Securities and Exchange Commission and its employees, and Warden Darlene Drew (Atlanta, GA), collectively (the "United States").

---

Petitioner's Emergency Motion Pursuant to Fed. R. Civ. Proc. 70(e) and Fed. R. Crim. Proc. 42(a) Seeking an Order holding the United States and its privies in civil and criminal contempt of the 12/20/2007, Dkt. #90 Order, case no. 02-CV-2219 (SDNY); and 08/18/2009 Final Judgment entered in United States v. Ware, 07-5670-Cr (XAP) (2d Cir.), collectively, (the "Superceding Judgments").

I.
A.   Prevailing Party's Requested Relief.

Petitioner the prevailing party to the Superceding Judgment respectfully request the District Court not later than 12:00 noon local time on June 30, 2016, where time is of the essence, to enter an Order granting the Prevailing Party the following relief, to wit:

(1). Order the United States to show cause in writing and in open court why it and its privies shall not be held in civil contempt of the Superceding Judgments;

(2). it and its privies shall not be civilly incarcerated until all contempt of the Superceding Judgments is purged;

(1)

6/21/2016

(3). Order the United States and its privies to post bond in the sum certain amount of $2.225 million dollars per day beginning on 12/20/2007 and continuing until all contempt is purged of the Superceding Judgments;

(4). Order the United States to post bond in the sum certain amount of $22.25 billion dollars where Petitioner is named as the legal benificiary of said bond;

(5). Order the United States Attorney (SDNY) Preet Bharara to file into the record of the District Court a certified copy of the indictments in (a) United States v. Ware, 04-Cr-1224 (SDNY), and (b) United States v. Ware, 05-Cr-1115 (SDNY); and

(6). Order the United States Attorney General, Loretta Lynch to file into the records of the District Court (EDTX) certified copies of all 28 U.S.C. §2249 certified copies of all orders, and judgments entered in 02-CV-2219 (SDNY), 04-Cr-1224 (SDNY), and 05-Cr-1115 (SDNY), (the "Final Judgments").

B.   Statement of the Case.

On 12/20/2007, Dkt. #90, case no. 02-Cv-2219 (SDNY), the U.S. Attorney General, (the "USAG") and the plaintiffs in 02-CV-2219 (SDNY) jointly moved the District Court (SDNY), Sand, J., pursuant to Fed. R. Civl. Proc. 41(a)(2) -- after the statute of limitation had run -- to dismiss the 02-CV-2219 (SDNY) civil law suit: the subject matter of the indictment in U.S. v. Ware, 04-Cr-1224 (SDNY), ("1224 Ware").

Applying the legal standard in A.B. Dick Co. v. Marr, 197 F.2d 498, 501-02 (2d Cir. 1952) to the Rule 41(a)(2) final judgment, it is not to any degree debatable on 12/20/2007 the USAG and the 02-CV-2219 plaintiffs conferred prevailing party status on Petitioner, and dismissed with prejudice the underlying 02-CV-2219 (SDNY) lawsuit's prior orders, judgments, and proceedings "as if it had never been filed," and annulled, vitiated, voided, and terminated all Article III federal courts' jurisdiction over the subject matter of all issues and claims actually or necessarily resolved by the Rule 41(a)(2) final judgment. See Federated, 452 U.S. at 398-401; and A.B. Dick, Id. at 501-02; see also U.S. v. Goldston, 440 Fed. Appx. 657, 600 (10th Cir. 2011)(prior orders entered in dismissed case have no preclusive value, i.e., moot);

(2)

6/21/2016

cf., Ptasynski v. Kinder Morgan, G.P., Inc., 229 Fed. Appx. 876, 878-79 (10th Cir. 2007) (dismissal with prejudice of civil law suit rendered earlier court orders a nullity; and rendered all prior judgments moot and void).

Moreover, the court in Harris v. Edison Bros. Apparial, 924 F.2d 530, 534 (4th Cir. 1990) explained apropos Rule 41(a)(2), a voluntary dismissal by the plaintiffs or its agents and privies (the respondents herein) as a matter of law constituted an adjudication on the merits for the defendants and their privies (Petitioner herein).

Furthermore, the court in Schwarz v. Folloder, 767 F.2d 125, 129 (5th Cir. 1985) held that dismissal of an action with prejudice is a complete adjudication on the merits of all issues and claims presented by the pleadings and a bar to all further action between the parties and their privies (Petitioner and respondents herein).

II.

A.   Application of the Legal Standards to the Indisputable Facts.

First, Petitioner request the District Court (EDTX) pursuant to FRE 201(b) to take judicial notice of the 12/20/2007, Dkt. #90, case no. 02-CV-2219 (SDNY) Rule 41(a)(2) final judgment; and (2) the 08/18/2009 18 USC §3742(b) voluntary dismissal of the USAG's cross-appeal final judgment entered in favor of Petitioner, ipso facto the Prevailing Party.

Petitioner contends that as the Prevailing Party applying the legal standard in McComb v. Jackson Paper Co., 336 U.S. 187, 191 (1949) he is entitled to petition the District Court (EDTX), as the Prevailing Party, to conduct a civil and criminal contempt proceeding. McComb, Id. explained that civil contempt proceedings served two purposes: (1) enabled the prevailing party to seek compliance with a court order; and (2) enable the prevailing party to be compensated for all damages and wasted resources, Cetacean, 744 F.3d at 955, 958, caused by the contumacious conduct.

(3)

It is indisputable that on 12/20/2007 the USAG and the 02-cv-2219 (SDNY), (the "2219 Lawsuit"), plaintiffs moved the district court, (Sand, J.), ex parte without notice to Petitioner[1] to dismiss -- after the statute of limitation had run -- the 2219 Lawsuit, (See Dkt. #90 Order (Sand, J.)), with prejudice. Which applying the legal standard in Harris, 924 F.2d at 534; Schwarz, 767 F.2d at 129; and A.B. Dick, 197 F.2d at 501-02, constituted a final judgment on the merits on behalf of Petitioner and the defendant (GPMT); and Federated, 452 U.S. at 398-401, holding applied to the Rule 41(a)(2) 12/20/2007 final judgment conferred prevailing party status on Petitioner apropos all issues and claims actually or necessarily resolved by the Rule 41(a)(2) superceding final judgment.

Accordingly, Petitioner as the legal prevailing party apropos the 2219 Lawsuit is entitled by McComb, id., and Gilbert v. Johnson, 490 F.2d 827, 829 (5th Cir. 1974) (prevailing party pursuant to Rule 70 to seek contempt order against the United States and its privies) to move this District Court (EDTX) on an emergency basis -- where Petitioner is currently suffering irreparable harm and damages

---

1. Petitioner was falsely and fraudulently remanded on 11/26/2007 allegedly convicted in U.S. v. Ware, 04-cr-1224 (SDNY) on three (3) counts of criminal contempt (18 USC §401(3)) of violating the very orders and judgments the USAG on 12/20/2007 annulled, vitiated, voided, and mooted, A.B. Dick, 197 F.2d at 501-02; Goldston, 440 Fed. Appx. at 600; Schwarz, 767 F.2d at 129.

(4)

directly and indirectly caused by the <u>willful and deliberate</u> civil and criminal contempt[2] of the preclusive effects of the 12/20/2007, Dkt. #90 Rule 41(a)(2) superceding final judgment.-- for an order of <u>civil</u> and <u>criminal</u> contempt. <u>McComb</u>, Id.

B. The USAG's Article II, §3 <u>Political</u> Decision Dismissal of the 2219 lawsuit triggered the Double Jeopardy Clause; entered, Ipso Facto, Final Judgment on behalf of Petitioner in both the 2219 lawsuit and in <u>U.S. v. Ware</u>, 04-Cr-1224 (SDNY); and Terminated all Article III Federal Courts' Jurisdiction over the Subject-Matter of the 2219 Lawsuit's issues and Claims, Apropos the <u>U.S. v. Ware</u>, 04-Cr-1224 (SDNY), 18 USC § 401(3) Criminal Contempt prosecution.

The Court in <u>United States v. Nixon</u>, 418 U.S. 683, 693 (1974) held that Executive Branch Article II, §3 <u>political</u> authority was sacrosanct and <u>not</u> within the scope of Article III judicial review; and thus was not a reviewable or <u>justiciable</u> "Case or Controversy" over which a federal court was permitted to exercise Subject-matter jurisdiction. Cf. <u>United State v. Cox</u>, 342 F.2d 168, 174 (5th Cir. 1965)(en banc)(Federal courts lack Article III

---

2. The respondents are required by the District Court (EDTX) to show cause pursuant to Fed. R. Crim. Proc. 42(a) why each shall not be referred to the U.S. Attorney (EdTX) and <u>Criminally</u> prosecuted for willful violations of 18 USC §§ 2, 4, 241, 242, 371, 401(3), 1201, and 1202.

(5)

subject-matter jurisdiction to review prosecutorial Art. II political decisions made by the Executive Branch according to separation of power doctrine).

Therefore, the USAG's 12/20/2007 Rule 41(a)(2) <u>voluntary</u> Art. II, §3 dismissal of the 2219 Lawsuit, and ipso facto <u>voluntary</u> dismissal of <u>U.S. v. Ware</u>, 04-Cr-1224 (SDNY) litigations with <u>prejudice</u>, <u>A.B. Dick</u>, 197 F.2d at 501-02, was a <u>political decision</u> which is <u>not</u> within the scope of Article III judicial review by any federal court, <u>Cox</u>, 342 F.2d at 174; <u>Nixon</u>, 418 U.S. at 693; accordingly both the 2219 Lawsuit and the <u>U.S. v. Ware</u>, 04-Cr-1224 (SDNY) criminal prosecution apropos <u>annulled</u> and vitiated orders, judgments, and proceedings in the 2219 Lawsuit went <u>moot</u> on 12/20/2007, See <u>Steel Co.</u>, 523 U.S. at 93-95 (federal court prohibited from conducting any Article III judicial review over <u>moot</u> proceedings).

Hence the United States and its privies (the Bureau of Prisons, et al.) have been in willful, deliberate, intentional, and execrable <u>civil</u> and <u>criminal</u> contempt of Court Orders since <u>12/20/2007</u>! Petitioner as the indisputable Prevailing Party apropos both the 2219 Lawsuit and the <u>U.S. v. Ware</u>, 04-Cr-1224 (SDNY) 18 USC §401(3) moot proceeding per <u>McComb</u>, Id., and <u>Gilbert</u>, Id. is entitled to be compensated by the respondents in the sum certain amount of $22.25 billion dollar for damages incurred by the United States and its privies criminal kidnapping of Petitioner since <u>11/26/2007</u>!

Conclusion

(6)

Petitioner has shown and established that he is the prevailing party apropos the 2219 Lawsuit and the <u>U.S. v. Ware</u>, 04-Cr-1224 (SDNY) criminal contempt prosecution; and therefore as the prevailing party, applying the legal standards of <u>Gilbert</u>, 490 F.2d at 829 and <u>McComb</u>, 336 U.S. at 191 is entitled to petition the District Court (EDTX) to compel the respondents to show cause why each shall not stand held in civil and criminal contempt of the 12/20/2007 Dkt. #90, Rule 41(a)(2) superceding final judgment, and <u>civilly</u> incarcerated and ordered to pay to Petitioner $2.225 million dollars per day beginning on 12/20/2007 and continuing <u>each</u> day Petitioner is held in illegal and unlawful custody of the Bureau of Prisons.

Respectfully Submitted by:

<u>Ulysses T. Ware, Esq.</u>
Ulysses T. Ware, Esq. (pro se)
Reg. No. 56218-019
Beaumont Complex (Low), Unit XB-33
P.O. Box 26020
Beaumont, TX 77720
Filed on June 21, 2016 pursuant to Houston v. Lack's mail box rule, with correct first class postage prepaid with the Office of the District Clerk (EDTX).

(7)

6/21/2016

## Certificate of Service

I Ulysses T. Ware, Esq. certify that I have this 21st day of June 2016 served the United State Attorney (EDTX) with notice of the filing of this emergency civil/criminal contempt motion via first-class mail at the address listed below:

Office of the United States Attorney
Mr. John M. Bales, Esq.
350 Magnolia Ave, Ste 150
Beaumont, TX 77701-2237

_____
Ulysses T. Ware, Esq.


* * * * *

End of Document.